IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN KNIGHT, | ) | |
| | ) | Civil Action No. 12 – 984 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| FLOYD MURPHY, STEVEN CMAR, | ) | |
| and JOHN R. WALTON, | ) | ECF No. 6 |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM ORDER**

Pending before the Court is a Motion for Temporary Restraining Order (ECF No. 6) filed by *pro se* Plaintiff, Melvin Knight, an inmate currently incarcerated in the Pennsylvania Department of Corrections at the State Correctional Institution Westmoreland. In his Complaint, filed on July 30, 2012 (ECF No. 3), Plaintiff alleges that Defendants violated his rights as protected by the Eighth Amendment of the United States Constitution. Specifically, he asserts that he was subjected to cruel and unusual punishment when Defendant Murphy slammed him on his bed and bent his wrist in a manner as if he was trying to break it. Plaintiff then claims that he was moved to a restraint chair and left there for 7½ hours. In Plaintiff's Motion for Temporary Restraining Order, he requests that the Court order Defendants to stop preventing another inmate by the name of Donald Pavne Jr. from assisting Plaintiff with his legal research.

This Court has discretion to grant preliminary injunctive relief under Federal Rule of Civil Procedure 65. The party seeking a preliminary injunction has the burden of demonstrating:

(1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the *status quo* until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed

with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno, 40 F.3d at 655.

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

With the above considerations in mind, Plaintiff has not demonstrated that preliminary injunctive relief is warranted in this case. First, Plaintiff's allegations in his Motion for Temporary Restraining Order bear no relation to the action pending and, therefore, is an impermissible basis for seeking injunctive relief[1] as the issuance of a preliminary injunction is to

---

[1] *See*, *e.g.*, Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion was based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in the original lawsuit, they cannot provide the basis for a preliminary injunction); Spencer v. Stapler, No. 04-1532, 2006 U.S. Dist. LEXIS 50940, 2006 WL 2052704, *9 (D. Ariz. July 21, 2006) (denying plaintiff's motion for injunctive relief because it concerns events that are unrelated to the subject of his complaint and concerns conduct of

preserve the *status quo* and prevent irreparable harm until the court has an opportunity to rule on the merits of the pending lawsuit. *See* Acierno v. New Castle County, 40 F.3d 645, 647 (3d Cir. 1994).

Alternatively, even if the Court were to assume that Plaintiff's requests regarding preliminary injunction were sufficiently related to the Complaint, the Motion would still fail because he is unable to show immediate irreparable injury, a prerequisite for the issuance of preliminary injunctive relief. The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for . . . .'" Acierno, 40 F.3d at 653 (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury . . . ." Acierno, 40 F.3d at 655 (citation omitted). Plaintiff's allegations fail to show any immediate irreparable injury that is not speculative or remote.

Additionally, Plaintiff has not demonstrated a reasonable probability of success on the merits even if such a claim were included in his Complaint. Since 1977, the United States Supreme Court has recognized that inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). As the Supreme Court initially observed, this right of access to the courts is satisfied when corrections officials facilitate "meaningful" access for those incarcerated, either through legal materials or the assistance of those trained in the law. Id. at

---

persons other than the named defendants); Westbank Yellow Pages v. BRI, Inc., No. 96-1128, 1996 U.S. Dist. LEXIS 6785, 1996 WL 255912, *1 (E.D. La. May 13, 1996) (determining that a preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not sought in the underlying action); Williams v. Platt, 2006 U.S. Dist. LEXIS 3169, 2006 WL 149124, *2 (W.D. Okla. Jan. 18, 2006) (concluding that "[a] preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint").

827 ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing or meaning legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."). Two decades later, in 1996, the Supreme Court provided further definition and guidance regarding the scope and nature of this right of access to the courts in Lewis v. Casey, 518 U.S. 343 (1996). In Lewis, the Court eschewed efforts to define this right in abstract, or theoretical terms, but rather cautioned courts to focus on concrete outcomes when assessing such claims. As the court observed:

> Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's . . . legal assistance program is subpar in some theoretical sense . . . . Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," id., at 823, 97 S.Ct., at 1495 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the . . . legal assistance program hindered his efforts to pursue a legal claim. Although Bounds itself made no mention of an actual-injury requirement, it can hardly be thought to have eliminated that constitutional prerequisite. And actual injury is apparent on the face of almost all the opinions in the 35-year line of access-to-courts cases on which Bounds relied, *see* id., at 821-825, 97 S.Ct., at 1494-1497. Moreover, the assumption of an actual-injury requirement seems to us implicit in the opinion's statement that "we encourage local experimentation" in various methods of assuring access to the courts. Id., at 832, 97 S.Ct., at 1500.

Lewis, 518 U.S. at 351-52.

Thus, following Lewis, courts have consistently recognized two guiding principles which animate access-to-court claims by prisoners. First, such claims require some proof of an actual, concrete injury, in the form of direct prejudice to the plaintiff in the pursuit of some legal claim. *See*, *e.g.*, Oliver v. Fauver, 118 F.3d 175 (3d Cir. 1997); Demeter v .Buskirk, No. 03-1005, 2003 U.S. Dist. LEXIS 18133, 2003 WL 22139780 (E.D. Pa. Aug. 27, 2003); Castro v. Chesney, No. 97-4983, 1998 U.S. Dist. LEXIS 4034, 1998 WL 150961 (E.D. Pa. March 31, 1998). Second,

5

consistent with the Supreme Court's express view that "'we encourage local experimentation' in various methods of assuring access to the courts," Lewis, 518 U.S. at 352, courts have long recognized that public officials have significant discretion in the field and can provide meaningful access to the courts through a wide variety of means. *See*, *e.g.*, Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988); Hester v. Morgan, No. 10-309, 2010 U.S. Dist. LEXIS 104385, 2010 WL 3907770, *2 (D. Del. Sept. 29, 2010); Tinsley v. Del Rosso, No. 08-1251, 2008 U.S. Dist. LEXIS 43259, 2008 WL 2236598 (D. N.J. May 30, 2008); Tormasi v. Hayman, No. 07-5683, 2008 U.S. Dist. LEXIS 37554, 2008 WL 1995125 (D. N.J. May 6, 2008); Annis v. Fayette County Jail, No. 07-1628, 2008 U.S. Dist. LEXIS 26721, 2008 WL 763735 (W.D. Pa. March 20, 2008); Hunter v. Schouppe, No. 06-1023, 2007 U.S. Dist. LEXIS 1887, 2007 WL 120030 (W.D. Pa. Jan. 10, 2007); Cook v. Boyd, 881 F. Supp. 171, 176 (E.D. Pa.1995).

In short, courts have long recognized that the very essence of prison policy-making in the field of inmate legal services entails the exercise of discretion. Here, Plaintiff alleges that he is being denied legal assistance from one particular inmate of his choosing. However, there is nothing in Plaintiff's Motion suggesting that he is being denied access to the courts in a manner defined by Bounds and Lewis. As such, even if Plaintiff's Complaint included such a claim, the Court finds that Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of an injunction because it is likely that such a claim would not succeed. His Motion will be denied accordingly.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 6) is **DENIED**.

**AND IT IS FURTHER ORDERED** that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, Plaintiff is allowed

fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

Dated: August 21, 2012

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Melvin Knight
BZ-7755
SCI Westmoreland
3000 South Grande Blvd
Greensburg, PA 15601